77 U.S. 251
 19 L.Ed. 893
 10 Wall. 251
 DEMING'S APPEAL.
 December Term, 1869
 
 LATHAM and Deming being entitled, each of them, to recover a certain sum of money from the United States for work done prior to the act of February 25th, 1862, known as the first of the 'Legal Tender Acts,' appealed, after the passage of the acts, to the Treasury for payment. They demanded coin, but were offered and accepted paper; 'protesting,' when receiving the paper, against such mode of payment. They then brought, each of them, a suit in the Court of Claims against the government to recover the difference in value between the coin which they had asked for and the paper which they accepted. The Court of Claims decided against them, and they both appealed to this court. The cases were supposed to involve the question of the constitutional validity of the paper circulation issued by the United States under the acts of Congress named, and known as legal tender notes. And as Mr. Hoar, then Attorney-General, had asked for the argument of them in order expressly pressly that the question adjudged against the notes in Hepburn v. Griswold* might be reconsidered, the argument of them both was a matter to which public and professional attention was largely directed.
 On the 1st of April last, the argument was fixed for the 11th of that month. When the 11th came, the hearing, owing to the engagement elsewhere of the appellants' counsel, was adjourned till the 18th, and on the 18th, another case being then on, till the 20th. On the 20th, Wednesday, Mr. Chatfield, of New York, counsel for Latham, and Mr. Merryman, of Washington, D. C., counsel for Deming appeared, and 'feeling no desire,' as they stated in a paper filed and signed by them, 'to trouble this court any further with the consideration of the cases, took the occasion to withdraw them from the docket, and respectifully asked that they might be dismissed.' Mr. Hoar, who stated that he had come to the court all ready to argue the cases, opposed the dismissal. But the court, after a short conference, decided, unanimously, that an appellant had the right to withdraw his own suit, and the appeals were accordingly dismissed. The Chief Justice immediately afterwards, on that Wednesday, 20th, announced that the court would not hear arguments after the following Tuesday (the 26th); that motions for the only Friday (regular motion day) remaining would be heard on that Tuesday, and that the court would adjourn on Saturday the 30th. All the proceedings were published under the ordinary head of 'The Courts,' in the Washington and some other newspapers of the next day. On Tuesday, the 26th, the court adjourned till the 30th, and then it met on the 30th, delivered opinions and adjourned till Monday, October 31st.
 On the 5th of May, the mandate issued to the Court of Claims to carry the judgment into execution.
 The court having met again on Monday, 31st of October, Mr. Lander, new counsel in the matter, now, Friday, the 4th November, stated his desire to appear as counsel for the purpose of moving to reinstate Deming's appeals, and asked leave to appear for that purpose. The court held the motion under advisement until Monday, 7th. On that Monday it gave him leave to appear; and having appeared, he immediately moved the reinstatement. Mr. Merryman, the former counsel, by note to Mr. Deming filed in the case, expressing his unwillingness, 'under the peculiar circumstances of the case, to remain counsel any longer in the matter,' suggesting the employment of Mr. Lander, and withdrawing personally from the case.
 The ground of the motion now made by Mr. Lander to reinstate was an affidavit ex parte by Deming to the effect that his former counsel, Mr. Merryman, had been ill for some time prior to the already mentioned 20th April; that he went to court on that day in order to argue the case, but was met by Latham and persuaded by him to sign the motion to dismiss; that Latham had a power of attorney from him, Deming, to sell and assign his (Deming's) claim, and informed Mr. Merryman that his own (Latham's) counsel had resolved to dismiss that claim, and desired Deming's to be also dismissed, 'saying that he had made such arrangements as would secure a successful prosecution of the said two claims in Congress,' and that Deming's claim would certainly be paid; that Mr. Merryman not being able to see him (Deming), and believing that Latham from his supposed relations with the said claim of Deming also represented his wishes in the matter, signed the motion for dismissal; that while it was true that a power had been given to Latham to sell and assign the claim, yet 'that the purpose for which the same was given had failed,' and that Latham had no right to 'dictate' as to the appeal then pending, and that the order of dismissal was made without the knowledge or consent of the affiant.
 The affidavit further stated that the affiant was informed of the dismissal 'soon thereafter' by his attorney, who upon hearing the true state of facts and the wishes of the affiant to have a decision of this court on the case, made application to the then Attorney-General, Mr. Hoar, for his consent to an application to rescind the order of dismissal, which consent was obtained upon the proviso that the cause could then be argued, but that as that was not practicable, by reason of the close approach of the adjournment of the court for the summer, the motion had been necessarily postponed till now.
 The consent of the now Attorney-General, Mr. Akerman, to the restoration was given by him in person, and also by writing filed.
 No depositions of Mr. Merryman, or of Latham, or of Deming, were taken, nor was the power of attorney from Deming to Latham produced, or evidence given that it had been inquired for.
 Mr. Lander, in support of his motion, adverting to the questionable power of an attorney to dismiss in this way, under any circumstances, and to the admitted power which every court had over its own proceedings during the term, relied on the facts set forth in the affidavit; and the fact (obvious as he conceived by the minutes of the court), that Deming was guilty of no laches; not a week having passed between the dismissal (on the 20th), unknown to him until some time afterwards, and the actual adjournment, the adjournment for business purposes (on the 26th), and he having proceeded at this the adjourned session at the very earliest moment practicable; Fridays being the only regular or proper motion days.
 Even if there had been laches, the consent of the Attorney-General to restore, given personally and by writing, cured them. The party interested to set up laches, if there was any, admitted that there was none; that there had been a mistake. But there were no laches. On the contrary, Deming had been as prompt as possible.
 Mr. Justice SWAYNE delivered the opinion of the court.
 
 
 1
 A motion has been made on behalf of Deming to reinstate this case upon the calendar. The suit was originally instituted in the Court of Claims. A judgment was rendered in favor of the United States, and the plaintiff brought the case into this court by appeal. That case and the case of O. B. and O. S. Latham v. The United States, also brought into this court by appeal from the judgment of the Court of Claims, were supposed to involve the question of the constitutional validity of the paper circulation issued by the United States, known as legal tender notes. On the 1st of April, during this term, both these cases were set for argument on the 11th of that month. On that day the argument was postponed until the 18th of April. The hearing was further postponed to the 20th of April. On that day the counsel for the Lathams and the counsel of Deming united in a written motion that both appeals should be dismissed.
 
 
 2
 The court recognizing the right of the counsel to have this done, thereupon dismissed the appeals. No reason was given for this step, and no explanation was made by either counsel, except the statement that they did not wish further to trouble the court in relation to the cases. The court continued to sit until the 30th of April. The long vacation then commenced. No motion was made prior to that time by Deming, to set aside the dismissal of his appeal. On the 5th of May the mandate of this court was sent to the Court of Claims to carry the judgment into execution. This motion was filed on the 7th of November, instant. It appears by the affidavit of Deming that he was aware of the dismissal very shortly after the order was made. This must necessarily have been so. It was announced in the proceedings of the court published the next day. Nothing is produced from his counsel who made the motion. Deming states in his affidavit, that the counsel acted without his knowledge or consent. Granting this to be so, his silence after the facts came to his knowledge, must be held to amount to acquiescence and ratification. The dismissal of the appeal left the judgment of the Court of Claims in favor of the United States in full force. They can sustain no prejudice by the overruling of this motion. We therefore lay out of view, as an element to be considered, the consent of the Attorney-General that the order of dismissal shall be rescinded.
 
 
 3
 The motion is addressed to the discretion of the court. Under the circumstances, we are all of the opinion that it ought to be.
 
 
 4
 DENIED.
 
 
 
 *
 8 Wallace, 603.